IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                         )   Criminal No. 06-316-9<br>)<br>DANIEL LUGO LUNA                 ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the court are defendant's motion for judgment of acquittal as to a sentencing factor pursuant to Fed. R. Crim. P. 29(c)(2) and motion for new trial pursuant to Fed. R. Crim. P. 33. The government has filed a combined response to defendant's motions. For the following reasons, defendant's motions will be denied.

Defendant was one of ten defendants charged in a ninety-six count indictment relating to a cocaine distribution conspiracy. Defendant was charged at Count One with conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine and at Count Two with possession with the intent to distribute and distribution of 500 grams or more of cocaine. On May 9, 2008, following a three-day trial, a jury found defendant guilty at both counts of the indictment. In addition, in answer to a special interrogatory, the jury found that the amount of cocaine defendant conspired to distribute or possess with the intent to distribute was 5 kilograms or more.

Defendant's first motion requests a judgment of acquittal as to a sentencing factor pursuant to Fed. R. Crim. P. 29(c)(2), which permits the court to set aside a guilty verdict and enter a judgment of acquittal. Here, defendant is not challenging the jury's verdict finding him guilty of conspiracy as to Count One but instead is challenging the jury's finding as to the quantity of cocaine that defendant conspired to distribute or to possess with the intent to distribute.

In deciding whether to grant a motion for acquittal, the trial court is required to view the evidence in the light most favorable to the prosecution and to draw all reasonable inferences therefrom in the government's favor. United States v. Ashfield, 735 F.2d 101 (3d Cir. 1984). The court "must determine whether the government has adduced sufficient evidence respecting each element of the offense charged to permit jury consideration. The district court cannot and should not weigh the evidence ... [n]or ... is the district court permitted to make credibility determinations. The district court is confined solely to its assessment of the sufficiency of the government's evidence." United States v. Giampa, 758 F.2d 928, 934-35 (3d Cir. 1985).

In this case, the jury was instructed that if they found defendant guilty at Count One, they were to proceed to answer a special interrogatory in regard to quantity. The special interrogatory, which defendant reviewed prior to the charging of

AO 72
(Rev 8/82)

the jury and to which defendant raised no objection, provided the jurors with three options as to quantity: (a) 5 kilograms or more; (b) less than 5 kilograms but 500 grams or more; and, (c) less than 500 grams.

In response to the interrogatory, the jurors found beyond a reasonable doubt that defendant conspired to distribute and possess with the intent to distribute 5 kilograms or more of cocaine. This finding is supported by the evidence. Defendant was a member of a conspiracy the object of which was to distribute 5 kilograms or more of cocaine. According to Bautista, defendant introduced his father to Sayles and Byrd as someone who could put them in contact with a source of supply for large quantities of cocaine on a continuing basis.

The first transaction itself, which resulted in the delivery of 3 kilograms, was intended to be for 10 kilograms, but the driver delivering the cocaine from Chicago to Pittsburgh "lost" 7 kilograms. As to this transaction, Bautista testified that defendant allowed his home to be used to stash the drugs, that he was aware of the plans to distribute the drugs and that he was dropped off to watch the car while Gutierrez and Bautista delivered the cocaine to Sayles. Bautista also testified that although defendant did not help package the money, he did buy packaging supplies. Also, Bautista testified that he observed Gutierrez give defendant $500 of the drug proceeds.

3

AO 72
(Rev. 8/82)

As to the second transaction, Bautista testified that negotiations for that transaction were ongoing on October 25, 2008, the same day that surveillance agents observed Byrd meeting Gutierrez and defendant, transporting them to his residence and then transporting them back to McKeesport Hospital from where he had picked him up. Based on the evidence presented, the jury reasonably could have found that the only relationship existing between Gutierrez and defendant, on one hand, and Byrd on the other was related to drug trafficking, particularly since at that time defendant was no longer dating Byrd's daughter.

Inasmuch as there was sufficient evidence presented to the jury from which reasonable jurors could have found beyond a reasonable doubt that the government had proved that defendant was a member of a conspiracy the object of which was to distribute 5 kilograms or more of cocaine, and that defendant himself conspired to distribute or to possess with the intent to distribute 5 kilograms or more of cocaine, and nothing that defendant has presented post-trial alters that fact, defendant's motion for judgment of acquittal will be denied.

Defendant also moves for a new trial pursuant to Fed. R. Civ. P. 33(a), which authorizes a court to grant a new trial "if the interest of justice so requires." The decision to grant or deny a motion for new trial lies within the court's discretion. United States v. Vitillo, 490 F.3d 314, 325 (3d Cir. 2007).

4

During deliberations, the jurors notified the court that they would like to see: (1) the testimony of Melissa Shenker; (2) any testimony involving Eat 'N Park, which the parties agreed was from Andrew Toth; and, (3) Bautista's testimony about Eat 'N Park.

The court had the court reporter prepare the requested testimony for viewing by the jury. The reporter first prepared Shenker's testimony. The court, over defendant's objection, had this testimony sent out to the jury while the court reporter prepared the remaining requested testimony. The reporter next completed the Bautista testimony and, after the parties and the court agreed to the relevant portions of that transcript, sent that to the jury. While the court reporter worked on the Toth testimony, the jury arrived at a verdict.

Defendant contends that he is entitled to a new trial based on the court's decision to send the transcripts to the jury as they were completed rather than wait until all three portions were prepared and send them all at once. Defendant contends that the Toth testimony, which the jury never received, was crucial to the defense's position and that the court's "refusal" to provide the jury with that testimony precluded an accurate verdict.

The court finds no merit to defendant's position. Initially, the court did not "refuse" to provide the jury with Toth's testimony. Rather, that testimony was in the process of being prepared when the jurors arrived at their verdict. Moreover, the

5

jury offered no reasons for why it requested those particular portions of the transcript and any attempt on the part of this court or the defense to ascertain those reasons would amount to nothing but conjecture or speculation. The jury asked the questions and they either found the answer that they were looking for in the portions of the transcript that they did receive, or perhaps by further discussion of the other evidence before them, or even through their own recollection of the testimony. Indeed, it is impossible to determine if the jurors even referred to the portions of the transcript that they did receive in reaching their verdict.

Defendant has cited no case law or authority which suggests that a court's decision to honor a jury's request for multiple portions of trial testimony by providing that testimony as it becomes available, rather than to wait until it all becomes available and then provide it as a whole, constitutes error. All defendant can do is speculate that the jury's verdict may have been different had they received the Toth testimony, and such speculation is an insufficient basis to overturn a jury's verdict and order a new trial. Accordingly, defendant's motion for a new trial will be denied.

An appropriate order follows.

Date: July 29, 2008

Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

## ORDER OF COURT

AND NOW, this 29th day of July, 2008, IT IS ORDERED that defendant's motion for judgment of acquittal as to sentencing factors (Document No. 411) be, and the same hereby is, denied; and,

IT FURTHER IS ORDERED that defendant's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Document No. 412) be, and the same hereby is, denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Constance M. Bowden
Assistant U.S. Attorney

W. Penn Hackney
Assistant Federal Public Defender

7